UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-282 |
| TYRONE HUDSON | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 590)** and a *Motion to Appoint Counsel* **(Rec. Doc. 590)** filed by Defendant, Tyrone Hudson. The Government filed an opposition thereto. (Rec. Doc. 592). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Defendant's motion for compassionate release should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND[1]

On September 17, 2015, Defendant pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Rec. Doc. 196). On June 2, 2017, the Court sentenced Defendant to 125 months of imprisonment. (Rec. Doc. 531). Defendant is presently housed at FCI Seagoville in Texas with a projected release date of October 28, 2023.

---

[1] Facts taken from the Government's opposition. (Rec. Doc. 592).

On September 1, 2020, Defendant moved this Court for appointment of counsel and compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic. (Rec. Doc. 590).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[2]

---

[2] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

2

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

### I. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional entitlement to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Courts may appoint counsel in post-conviction proceedings when the interests of justice so require. *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008). The interests of justice do not require that counsel be appointed where a defendant's motion does "not involve complicated or unresolved issues." *See United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010).

The facts and legal issues in a claim for compassionate release are not complex. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020). Further, Defendant has demonstrated that he is capable of proceeding *pro se* by successfully citing § 3582(c)(1)(A) and referencing the "extraordinary and compelling reasons" standard. (Rec. Doc. 590). Finally, Defendant has presented the Court with his non-frivolous argument that he is an older inmate with health conditions, which puts him at a higher risk of severe illness if infected with COVID-19. (Rec. Doc. 590). Accordingly, the Court finds that the interests of justice do not require the Court to appoint counsel in this case.

### II. MOTION FOR COMPASSIONATE RELEASE

3

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. (Rec. Doc. 592, at p. 10). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving that he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to grant compassionate release, the Court must first determine whether Defendant has demonstrated "extraordinary and compelling reasons" to justify the reduction of his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. § 1B1.13, cmt. n.1(A). Specifically, Defendant must be suffering from either a "terminal illness" or a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The Center for Disease Control (CDC) has published two lists of diseases which cause or may cause increased risk of severe illness from COVID-19 infections. The first list includes diseases that definitely cause an increased risk of severe illness

4

from COVID-19 infections, and the second list includes diseases that might cause an increased risk of severe illness from COVID-19 infections.[3]

The Government concedes that, if an inmate has established that he has a chronic medical condition from which he is not expected to recover and that condition constitutes a CDC risk factor that definitely elevates the inmate's risk of becoming seriously ill from COVID-19, then the inmate has showed that he suffers from a serious medical condition. (Rec. Doc. 592, at p. 15). However, the Government explains that these medical conditions would only meet the standard of "extraordinary and compelling circumstances" if the inmate would have a diminished ability to provide self-care to prevent serious injury or death as a result of infection with COVID-19 within the environment of a correctional facility. (Rec. Doc. 592, at p. 15).

In the present case, Defendant's medical records show that he is a 59-year-old male who suffers from hypertension, hepatitis C, and latent tuberculosis. (Rec. Doc. 592-4). Hypertension and hepatitis C, which is a liver disease, are conditions that falls within the CDC's list of diseases that "might" increase the risk of severe illness. In addition to his medical conditions, Defendant's age puts him at a heightened risk of severe illness if infected with COVID-19.[4]

---

[3] *People with Certain Medical Conditions*, CENTER FOR DISEASE CONTROL (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] *Older Adults*, CENTER FOR DISEASE CONTROL, (Dec. 7, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

Although Defendant arguably suffers from medical conditions that could have resulted in severe illness, he has already been infected with and recovered from COVID-19. (Rec. Doc. 592-4, at p. 6). Defendant did not acquire a severe illness requiring hospitalization after being infected, and he has not shown that the prison is unable to treat him for COVID-19 symptoms. Therefore, Defendant has failed to show that his medical conditions make him unable to care for himself or would make him unable to care for himself if infected with COVID-19 within the confines of the prison. *United States v. Eddings*, 2020 WL 2615029 (E.D. Cal. May 22, 2020) (inmate has risk factors, but he has endured COVID-19 for ten days without complications, so there is no extraordinary circumstance); *United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Tyrone Hudson's *Motion for Compassionate Release* **(Rec. Doc. 590)** is **DENIED**.

**IT IS FURTHER ORDERED** that Tyrone Hudson's *Motion to Appoint Counsel* **(Rec. Doc. 590)** is **DENIED**.

New Orleans, Louisiana, this 8th day of December, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE